UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIGITAL FILING SYSTEMS, L.L.C.,

        Plaintiff(s),

v.                                   Case No.  03-70437
                                       Honorable Victoria A. Roberts

ADITYA INTERNATIONAL and
AKHILESH AGARWAL, jointly and severally,

        Defendant(s).

## OPINION AND ORDER DENYING DEENDANT'S MOTION FOR STAY PENDING APPEAL

**I.  INTRODUCTION**

      This matter is before the Court on Defendants' Motion for Stay Pending Appeal. For the following reasons, the Court **DENIES** the Defendants' Motion.

**II.  BACKGROUND**

      This is an action for copyright infringement under the Copyright Act of 1976, 17 USC §§ 101 et. seq.  In 1999, the Plaintiff, Digital Filing Systems, hired the Defendant, Aditya International, to enhance, add, modify and debug a computer software product it created.  The Plaintiff alleged that subsequent to this agreement and after obtaining the Plaintiff's software product, the Defendants sold a computer software product under a different name, which incorporated the Plaintiff's software and/or was derived from it. The Plaintiff asserted three counts against the Defendants:  (1) copyright infringement;

1

(2) conversion; and (3) breach of contract.  On April 22, 2005, the Court granted

Plaintiff's Motion for Default Judgment based on its findings that the Defendants failed

to prosecute, and actively and unreasonably delayed the proceedings. [Doc. 41].

The Plaintiff filed a Motion for attorney fees, statutory fees and injunctive relief on

May 5, 2005. [Doc. 38].  The Motion for fees and injunctive relief was granted on July

20, 2005. [Doc. 47].  The Defendants appealed both Orders to the Sixth Circuit.  The

appeal is pending.

## III.    APPLICABLE LAW AND ANALYSIS

"In determining whether a stay should be granted [the court is to]...consider the

same four factors that are traditionally considered in evaluating the granting of a

preliminary injunction.  These well-known factors are: (1) the likelihood that the party

seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the

moving party will be irreparably harmed absent a stay; (3) the prospect that others will

be harmed if the court grants the stay; and (4) the public interest in granting the stay.

These factors are not prerequisites that must be met, but are interrelated considerations

that must be balanced together."  *Michigan Coalition of Radioactive Material Users, Inc.*

*v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)(citation omitted).

### A.    Likelihood of Success on the Merits

It is more difficult for a movant seeking a stay to show a likelihood of success on

the merits than it is for one seeking preliminary injunction because the court has the

benefit of a complete record when considering a motion for stay.  *Id.*  "To justify the

granting of a stay, however, a movant need not always establish a high probability of

success on the merits.  The probability of success that must be demonstrated is

2

inversely proportional to the amount of irreparable injury plaintiffs will suffer absent the stay. Simply stated, more of one excuses less of the other. This relationship, however, is not without its limits; the movant is always required to demonstrate more than the mere "possibility" of success on the merits." *Id.* (citation omitted).

> **1.    Likelihood of success on the default judgment**

The Defendants do not have a high likelihood of success on the merits of their appeal of the default judgment. The Court looks at several factors in determining whether to set aside a default judgment: (1) whether the non-defaulting party will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the culpable conduct of the defendant led to the default. *Smith v. Commissioner of Internal Revenue Service*, 926 F.2d 1470, 1479 (6th Cir. 1991)(citation omitted). "[T]he court may refuse to set aside a default, where the defaulting party has no meritorious defense, where the default is due to willfulness or bad faith, or where the defendant offers no excuse at all for the default." *Id.* at 1480 (citation omitted).

The Court found in its April 22, 2005 Order of Default that the Defendants had "actively and unreasonably delayed proceedings." [Doc. 37, p. 2]. The Court noted the Defendants refused discovery requests, evaded service and failed to appear for a scheduled conference call. While the Court added that the Defendants did eventually respond to discovery requests, their answers were insufficient. *Id.*

Based on the factors outlined above, the Defendants do not have a likelihood of success on the merits as to the default judgment.

> **2.    Likelihood of success on the Order granting attorney fees, statutory**

**fees and injunctive relief**

Nor do Defendants have a likelihood of success on the merits in their appeal of the order granting fees and injunctive relief.  Both attorney fees and statutory fees are authorized under the Copyright Act.  *See* 17 USC §§ 504 and 505.  Following entry of the default judgment, the Plaintiff was entitled to these fees.  The Defendants do not address in their motion for stay or reply brief, their likelihood of success with regard to the attorney fees or statutory fees.  Accordingly, Defendants have not presented an argument as to why they are likely to succeed on the merits in their appeal of the order granting fees.

With respect to injunctive relief, the Court entered an order restraining the Defendants from continuing to infringe by marketing, producing or selling DigiFile, DigiCourt or ProFile.  *See* 17 USC § 502.  Additionally, the Court ordered destruction or other reasonable disposition of the copies made in violation of the copyright owner's exclusive rights, at the discretion of the Plaintiff.  *See* 17 USC § 503.  Since such relief is specifically contemplated by the Copyright Act, which the Defendants violated per the default judgment, the Defendants do not have a likelihood of success on the merits.

**B.    Irreparable Injury**

"In evaluating the harm that will occur depending upon whether or not the stay is granted, we generally look to three factors: (1) the substantiality of the injury alleged; (2) the likelihood of its occurrence; and (3) the adequacy of the proof provided."  *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991)(citation omitted).

The Defendants alleged they will be forced out of business if the stay is not

4

granted.  The Plaintiff asserts that the Defendants failed to introduce proof that the stay would ruin the business.  Additionally, the Plaintiff claims the Defendants' business is really computer programming and nothing prevents that from continuing.

As conceded by Plaintiff, threat to the existence of a business constitutes irreparable harm.  *Performance Unlimited, Inc. v. Questar Publishers, Inc.*, 52 F.3d 1373, 1382 (6th Cir. 1995).  However, while it may be irreparable injury to the Defendants that their business will be lost, where the entire business consists of software products created in violation of the Plaintiff's copyright, loss of that business cannot be a substantial factor in the court's consideration.

### C.    Substantial Harm

Neither party properly addressed this factor.  Substantial harm is harm to others. *Griepentrog*, 945 F.2d at 153.  Both parties use this factor to argue the harm "they" will suffer.  The Plaintiff asserts it will suffer harm in the form of financial hardship due to business Defendants will get at its expense.  The Defendants claim there will be no harm to others if the stay is issued.  Further, they assert "they" will suffer "irreparable loss and injury."  Insufficient information was provided by both parties and the Court cannot say this factor weighs in favor of either party.

### D.    Public Interest

The Defendants claim the functioning of various courts in the state of Texas will be halted if the stay is not granted.  The Defendants point to a list of its court clients. [Plaintiff's Response, Attachment 1].   The Defendants do not provide any support for their conclusory statements.  "[T]he harm alleged must be both certain and immediate, rather than speculative or theoretical."  *Griepentrog*, 945 F.2d at 154.  The Defendants

5

claim several courts will come to a standstill, but fail to explain what the software does and how its loss would bring the entire court to a standstill.

The Plaintiff alleges two public interests.  First, the Plaintiff claims the public has an interest in the efficient operation of the judicial system.  The Plaintiff contends the Defendants have already abused the system and should not be given a chance to do so further by staying the judgment.  Additionally, the Plaintiff argues the public has an interest in "maintaining the integrity of the copyright laws."

Additionally, the Plaintiff claims DigiCourt and DigiFile customers affected by the injunction can continue to use the software under license with the Plaintiff.  Those affected could also choose to replace the infringing product with ProFile.  Additionally, the Plaintiff claims the Defendants current court customers could substitute the Plaintiff as maintenance provider.

The Defendants failed to support their conclusion.  Assuming it is true that failure to issue a stay would affect the Defendants' Texas court clients, the Plaintiff claims it can cure the harm by assuming the service now provided by the Defendants.  Therefore, this factor weighs in favor of the Plaintiff.

## IV.   CONCLUSION

On balance, the factors weigh in favor of denying the Defendants' Motion for Stay.  For the above reasons, the Court **DENIES** Defendants' Motion for Stay of Judgment Pending Appeal.

**IT IS SO ORDERED.**

**s/Victoria A. Roberts**
**Victoria A. Roberts**
**United States District Judge**

**Dated:  September 27, 2005**

---

**The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on September 27, 2005.**

**s/Linda Vertriest**
**Deputy Clerk**

---

7